UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LaVONNE MAXWELL,

        Plaintiff,

Case No. 11 - 11676
Honorable John Corbett O'Meara

v.

McKINLEY CORPORATION,

        Defendant.

        _____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION

Before the court is Defendant's July 26, 2011 motion to dismiss and to compel arbitration. The motion has been fully briefed by both parties. Pursuant to the court's discretion and consistent with its July 27, 2011 order in this case, there was no hearing on this motion. *See* Local Rule 7.1(f)(2); *see also* Doc. #10 (Order Requiring a Response). For the reasons set forth below, the court now grants the Defendant's motion.

## BACKGROUND FACTS

*Pro se* Plaintiff LaVonne Maxwell ("Maxwell") is an African-American woman and was formerly employed by Defendant McKinley Corporation ("McKinley"). Maxwell filed the present action for employment discrimination on April 18, 2011, under Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991.

Maxwell contends that she was discriminated against and ultimately terminated from employment with McKinley because of her race. On April 18, 2011, Maxwell filed both an application to proceed *in forma paureris* and an application for appointment of counsel along with her complaint. This court granted her application to proceed *in forma pauperis* on June 27,

2011, and denied her application for appointment of counsel on July 7, 2011. McKinley then filed the motion now before the court to dismiss the present action and compel arbitration pursuant to an agreement between the parties.

## **LAW AND ANALYSIS**

The parties executed an agreement on July 10, 2006, in which they agreed to submit any present or future claims against one another to binding arbitration. The scope of the agreement covers all civil actions other than workers-compensation or unemployment insurance claims, and specifically includes claims for the violation of civil rights and unlawful discrimination. The agreement also provides that, "The parties acknowledge that as a result of this provision each of them has waived its rights to a civil court action for such claims, and that only an arbitrator, not a judge or jury, will decide the claims." *See* Def.'s Ex. 1 (Agreement).

McKinley argues that this court should enforce the arbitration agreement because it is directly applicable to Maxwell's claim here and precedent supports enforcing the agreement. McKinley also points to a strong federal policy of favoring arbitration agreements.

Maxwell argues that enforcing the agreement would be unfair because it was a prerequisite to her employment with McKinley. Maxwell also complains about prohibitive costs and fears a prejudicial arbitrator due to relationships McKinley may have established through frequent arbitration.

As McKinley notes in its brief, this court is bound by the Federal Arbitration Act which provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action

until such arbitration has been had in accordance with the terms of the agreement . . .

9 U.S.C. § 3. Under the Act, this court must grant McKinley's motion if it finds Maxwell's claim referable to arbitration pursuant to the parties' agreement.

In determining whether arbitration must be compelled under the Act, the Sixth Circuit has given the following four factors to consider: 1) whether the parties agreed to arbitrate; 2) the scope of any such agreement; 3) whether Congress intended any federal statutory claims at issue to be nonarbitrable, and; 4) whether a stay in any balance of proceedings would be necessary if some of the claims are nonarbitrable. *Stout v. J.D. Byrdier*, 228 F.3d 709, 714 (6th Cir. 2000) (citing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.,* 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)). These factors must be examined "in light of the strong federal policy in favor of arbitration" and "any ambiguities . . . should be resolved in favor of arbitration." *Stout*, 228 F.3d at 714 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985)).

Each of the four factors above weighs heavily in favor of enforcing the arbitration agreement here. Maxwell and McKinley executed an arbitration agreement, the scope of which directly covers Maxwell's claim. Under the express language of the agreement, Maxwell specifically waived her right to a civil action against McKinley for "violation[s] of civil rights" and "unlawful discrimination."

Further, the Sixth Circuit and this court have held arbitration agreements to be enforceable in similar Title VII cases arising from private employment. *See Mazera v. Varsity Ford Mgmt. Servs., LLC*, 565 F.3d 997 (6th Cir. 2009); *Morrison v. Circuit City Stores*, 317 F.3d 646, 658 (6th Cir. 2003); *Beauchamp v. Great West Life Assurance Company*, 918 F. Supp. 1091, 1094-95 (E.D. Mich. 1996). Moreover, a stay in proceedings is inapplicable here, as the

3

entirety of Maxwell's single discrimination claim is subject to the arbitration agreement and can thus be dismissed with no severable portion remaining.

The fact that Maxwell's assent to the arbitration agreement may have been a prerequisite condition of her employment with McKinley does not itself invalidate the agreement. *See Mazera*, 565 F.3d 997 (upholding a binding arbitration agreement which was a condition of employment). Arbitration agreements may be unenforceable if the challenging party shows the agreement to be both procedurally and substantively unconscionable. *See Seawright v. Am. Gen. Fin., Inc.*, 507 F.3d 967, 976 (6th Cir. 2007) (citing *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 503 (6th Cir. 2004)). However, Maxwell does not demonstrate any evidence to suggest that the agreement here is procedurally unconscionable, such that it constitutes a contract of adhesion or was formed through improper means. Nor does Maxwell even argue that the agreement is substantively unconscionable because its terms are oppressive or because no reasonable person would accept them.

In fact, the terms of the agreement do not limit McKinley's liability or operate asymmetrically in McKinley's favor, but rather specifically bind both parties to arbitrate any present or future claims against each other. The Sixth Circuit has previously found such terms tantamount to *prima facie* evidence of substantive fairness. *See Seawright,* 507 F.3d at 977 (explaining that arbitration agreements which do not asymmetrically favor the stronger party and which bind both the employee and the employer to arbitration are equitable). Thus, the agreement here does not fail for unconscionability.

However, the Sixth Circuit has held that cost-splitting provisions in arbitration agreements are unenforceable when they "deter potential litigants from bringing their statutory claims in the arbitral forum" because "the overall cost of arbitration . . . is greater than the cost of

litigation in court." *Mazera*, 565 F.3d at 1003 (citing *Morrison*, 317 F.3d at 664). Courts analyze on a case-by-case basis whether the party challenging the provision has demonstrated a likelihood of being deterred by the arbitration costs. *Id*. at 1003-04. Courts also consider whether similarly situated parties might be deterred as well, taking employment and socioeconomic background into account. *Id*. at 1003.

Here, Maxwell complains that she cannot afford to pay the costs associated with arbitration and notes that she currently relies on government assistance to support her family. In her application to proceed *in forma pauperis*, Maxwell claims a monthly income of $1,745 and lists three people whom she supports entirely. Thus, paragraph four of the agreement, requiring Maxwell and McKinley to "equally share the fees and costs of the Arbitrator," is violative of the Sixth Circuit standard for cost-splitting provisions because the overall cost of arbitration it imposes deters Maxwell from pursuing her statutory claims in an arbitral forum, particularly in light of Maxwell's *in forma pauperis* status before the court. *See* Def.'s Ex. 1 (Agreement).

On balance, Maxwell's claim is clearly referable to arbitration under the Sixth Circuit test above and the Federal Arbitration Act, and Maxwell does not raise a material challenge to the essential validity of the agreement to arbitrate. The fourth paragraph of the agreement, however, is unenforceable with respect to Maxwell. *See* Def.'s Ex. 1 at ¶ 1 (severability provision). The remainder of the agreement is binding and enforceable.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's July 26, 2011 motion to dismiss and compel arbitration is GRANTED, consistent with this opinion and order.


Date: November 9, 2011              s/John Corbett O'Meara
                                    United States District Judge


I hereby certify that on November 9, 2011 a copy of this Opinion and Order was served upon the parties of record using the ECF system and/or by first-class U.S. mail.

                                    s/William Barkholz
                                    Case Manager